# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIKE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-61-D |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Mike Phillips (Plaintiff) seeks judicial review of the Defendant Acting Commissioner's final decision denying his application for supplemental security income under the Social Security Act. Doc. 1. United States District Judge Timothy D. DeGiusti referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, the administrative record (AR), and the parties' briefs, and recommends that the Court reverse and remand the Commissioner's decision.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

I.   **Administrative proceedings.**

In his application for benefits, Plaintiff alleged that his impairments became disabling in January 2007. AR 152-56. The Social Security Administration (SSA) denied Plaintiff's claim, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 30-89. During the hearing, Plaintiff amended his alleged onset date to May 2008. *Id.* at 33. In her September 2011 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 28. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 4-7, and Plaintiff now seeks review in this Court. Doc. 1.

II.   **Disability determination.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional

capacity (RFC)[2] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. § 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. Plaintiff's claims.

While Plaintiff presents several claims of error, the undersigned recommends remand because in discounting Plaintiff's credibility, the ALJ relied on facts not in evidence and mischaracterized Plaintiff's testimony. Accordingly, the undersigned will not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

### B. The ALJ's relevant findings.

The ALJ found that Plaintiff has severe "seizure disorder and depression," AR 19, but that his "allegations of totally disabling, medically determined impairments, [are] not credible." *Id.* at 27. The ALJ then concluded that Plaintiff: (1) has the RFC to perform a full range of work at all exertional levels but with some exertional and non-exertional limitations, and (2) can perform other jobs existing in significant numbers in the national economy. *Id.* at 24, 28.

### C. The ALJ's flawed credibility assessment.

Because the ALJ found that Plaintiff has impairments that can reasonably be expected to produce pain or other symptoms, she was required to give consideration to Plaintiff's subjective complaints. *See* 20 C.F.R. § 416.929(c); *see also* SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996). The ALJ first made multiple findings, including in relevant part:

- "In July 2010, the claimant was charged with Driving Under the Influence, with the charge pending at the time of hearing. The

charge incidentally calls into question the claimant's credibility in stating that he does not drive."

- "In November 2009, the claimant flew to Las Vegas and spent a week for a car parts show."

- "The claimant stated that he currently drove a tractor, front-end loader and lawnmower. He maintained a shop on his property and testified that he currently had three cars in the shop."

- "The claimant received unemployment benefits from February 2008 through January 2011, which indicated that the claimant reported that he was regularly seeking employment and was ready, willing and able to work during that period. The application for unemployment benefits is a request to actively seek full time employment."

- "The claimant earned over 15,000 dollars in 2008 selling car parts."

AR 25-26. The ALJ then concluded:

> The undersigned find[s] that the claimant is not precluded from all work. He works at his shop, performs yard work, including operating machinery, goes on trips to facilitate income, and buys and sells parts. There are indications that he drives a car. The claimant received unemployment benefits. This would indicate that the claimant reported that he was regularly seeking employment and was ready, willing and able to work during that period. Based on the record as a whole, and *specifically the factors noted above*, the undersigned finds the claimant's allegations of totally disabling, medically determined impairments, not credible.

*Id.* at 27 (emphasis added).

As Plaintiff argues, Doc. 18, at 7-10, 16-17,[3] the flaw in this analysis is that the "factors noted above" are based on facts not in evidence and mischaracterizations of Plaintiff's testimony.

For example, Plaintiff testified that he was arrested at the age of twenty-one for driving without a license, but otherwise has not been charged with any crimes. AR 49-50. Likewise, Plaintiff claimed that he has never collected unemployment benefits. *Id.* at 37. In fact, there is *no* evidence that Plaintiff was charged with Driving Under the Influence or that he collected unemployment benefits, a fact that the Commissioner concedes. Doc. 19, at 5. And while the Commissioner suggests that the ALJ gave these incorrect facts only "brief mention," *id.*, the undersigned reads the ALJ's opinion as much more heavily relying on these factors.

Additionally, the undersigned finds that the ALJ mischaracterized Plaintiff's testimony regarding his alleged car parts business. As noted above, the ALJ found that Plaintiff "works at his shop," has "three cars in the shop," "goes on trips to facilitate income," and "buys and sells parts." AR 26-27. In actuality, Plaintiff testified that he has a "barn" on his property from where he once sold car parts. *Id.* at 66. According to Plaintiff, "[n]ow [the barn] sits there dormant. I don't actually do anything." *Id.* Plaintiff stated that the barn now houses three cars which belong to his sister, uncle, and

---

[3] Citations refer to the Court's CM/ECF pagination.

father-in-law. *Id.* Plaintiff also testified that he only went to the Las Vegas car show because he had "already prepaid for it," *id.* at 48, and that he earned $15,000 in 2008 because he sold off all his remaining inventory and has not "done anything since 2008." *Id.* at 39, 40. So, Plaintiff did *not* testify that he works at his shop or currently buys and sells parts, and the ALJ's suggestion otherwise is a mischaracterization of the testimony.

Finally, Plaintiff did admit that he drove a tractor and a front-end loader, "two or three times a week." *Id.* at 46. But, he also testified that his wife and step-father primarily took care of the eight-acre property and that he did not use the large equipment "on a regular basis." *Id.* at 67-68.

It is well established that "'[c]redibility determinations are peculiarly the province of the finder of fact[.]'" *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (citation omitted). However, an ALJ cannot support her credibility analysis "by taking Plaintiff's testimony out of context and selectively acknowledging parts of [his] statements while leaving important segments out." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 743 (10th Cir. 1993); *see also Sitsler v. Astrue*, 410 F. App'x 112, 117 (10th Cir. 2011) (noting that the ALJ mischaracterized Plaintiff's testimony and stating: "We have criticized this form of selective and misleading evidentiary review, holding [in *Sisco*, 10 F.3d at 743] that an ALJ cannot use

7

mischaracterizations of a claimant's activities to discredit his claims of disabling limitations.").

The undersigned finds that the ALJ's credibility decision is riddled with mischaracterizations and erroneous factual findings. Indeed, it seems that the ALJ was "operating under several fundamental misconceptions." *Sisco*, 10 F.3d at 743. And, based on the volume of factual errors, the undersigned cannot confidently say that the ALJ's mistakes are harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing harmless error in social security cases and holding that such a principle applies only where the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). So, the undersigned recommends that the Court reverse the Commissioner's decision. *See Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996) (reversing in part because "the ALJ's evaluation of plaintiff's subjective complaints was flawed by his reliance on factors that were not supported by the record"); *Sitsler*, 410 F. App'x at 118 (reversing the Commissioner's decision because: "Although we will not upset an ALJ's credibility determination that is closely and affirmatively linked to substantial evidence, here the ALJ's analysis was flawed [in part] by his reliance on mischaracterizations of the evidence . . . .").

## V. Recommendation and notice of right to object

For the reasons discussed above, the undersigned recommends that the Court reverse and remand the Commissioner's decision.

The parties are advised of their right to object to this report and recommendation by the 17th day of April, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of March, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE